```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
PACIFIC INDEMNITY COMPANY,                                       :
                                                                 :
                              Plaintiff,                         :
                                                                 :      21-cv-4391 (LJL)
        -v-                                                      :
                                                                 :      MEMORANDUM &
KITON CORPORATION,                                               :      ORDER
                                                                 :
                              Defendant.                         :
                                                                 :
-----------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendant/Consolidated Plaintiff Kiton Corporation ("Kiton") moves, pursuant to Federal Rule of Civil Procedure 59(e), for an order altering or amending the Court's June 24, 2022 judgment. Dkt. No. 30. On June 24, 2022, the Court issued a Memorandum and Order granting the motion of Plaintiff/Consolidated Defendant Pacific Indemnity Company ("Pacific") to dismiss. Dkt. No. 28; *Pacific Indemnity Co. v. Kiton Corp.*, 2022 WL 2292769 (S.D.N.Y. June 24, 2022). Applying New York law, the Court concluded that Kiton had not stated facts sufficient to state a claim that it was entitled to coverage under its business-interruption policy with Pacific for losses caused as a result of the COVID-19 pandemic. Kiton argues that the Court erred in applying New York law to its insurance dispute and that "it is very possible that New York law would not apply to all of Kiton's locations." Dkt. No. 32 at 4. It also argues that the Second Circuit cases upon which the Court relied in its June 24, 2022 decision are distinguishable because there were no allegations of sick employees in those cases. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) allows a district court "to alter or amend a judgment." Fed. R. Civ. P. 59(e). This rule "enables a party to request that a district court

reconsider a just-issued judgment." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020). The rule "gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision." *Id.* (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)). The Second Circuit has explained that:

> under the rule "district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice," that the rule "covers a broad range of motions," and that "the only real limitation on the type of motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a clerical error, or relief of a type wholly collateral to the judgment."

*ING Glob. v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (quoting *Schwartz v. Liberty Mut. Ins. Co.*, 539 F.3d 135, 153 (2d Cir. 2008)); *see also Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142–43 (2d Cir. 2020) ("A court may grant a Rule 59(e) motion 'only when the [movant] identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."'" (alteration in original) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013))). "A Rule 59(e) motion . . . 'may not be used to relitigate old matters, or raise arguments . . . that could have been raised prior to the entry of judgment.'" *Bonded Concrete, Inc. v. D.A. Collins Constr. Co.*, 29 F. App'x 725, 726 (2d Cir. 2002) (summary order) (quoting Arthur R. Miller, *et al.*, *Federal Practice and Procedure* § 2810.1 at 127–28 (2d ed. 1995)).

## DISCUSSION

Kiton has not identified any intervening change of controlling law or new evidence or a need to correct clear error or manifest injustice that would justify Rule 59(e) relief here. Kiton's principal argument is that the Court should have applied the law of each site in which Kiton does business and makes a claim to determine whether under the commercial general liability insurance policy issued to it by Pacific it is entitled to business-interruption coverage. It thus

asserts that the Court should have applied the laws of New York, California, Nevada, and Texas because it has locations in each of those states. Dkt. Nos. 32 at 4-6; 39 at 1. It claims that such choice of law was required under the law of New Jersey, the situs of the transferor court, which it argues would apply the law of the location of the property. Dkt. Nos. 32 at 5–6; 39 at 1; *see also Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) (holding that transferee court must apply substantive law of transferor court); *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993) ("[A] transferee court applies the substantive state law, including choice-of-law rules, of the jurisdiction in which the action was filed.").

Pacific responds that Kiton had multiple opportunities to raise the choice-of-law issue throughout the life of the dispute—which spanned multiple courts and jurisdictions—but failed to do so. Dkt. No. 36 at 8–10. Pacific points out that Kiton originally filed suit in New York state courts, only to voluntarily dismiss it after the action was removed to federal court; when Pacific then filed a declaratory judgment action in this Court, Kiton relied on its prior voluntary dismissal to assert that where was no case or controversy but then re-filed its complaint against Pacific five months later in New Jersey. *Id.* Pacific argues that to apply New Jersey law would be to reward forum-shopping and to avoid New York law, which provides that where an insured's policy covers risk in multiple states, the law of the state of the insured's domicile at the time of contracting should apply because it is regarded as a proxy for the principal location of the insured risk. *Id.* at 12 (citing *Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.*, 822 N.Y.S.2d 30 (1st Dep't 2006)). It also argues that Kiton consented to the application of New York law to this dispute. *Id.* at 10–12.

Kiton has identified no clear error or manifest injustice, nor has it identified any intervening change of controlling law or new evidence. The law that Kiton cites for New

3

Jersey's choice-of-law rules dates from 1998, 2012, and 2010.  Dkt No. 32 at 6.  It all was available to Kiton at the time of the briefing on the motion to dismiss.  Kiton cites cases decided after briefing closed on the motion to dismiss in which courts in California and Nevada sided with policyholders in not dismissing COVID-19 business-interruption insurance complaints.  *Id.* at 6 (citing *Marina Pacific Hotel & Suites, LLC v. Fireman's Fund Ins. Co.*, 2022 WL 2711886 (Cal. App. July 13, 2022); and *JGB Vegas Retail Lessee, LLC v. Star Surplus Lines Ins. Co.*, Case No. A-20-816628-B (Nev. Dist. Ct. Clark Cnty. May 24, 2022)).  But those cases demonstrate, at most, that Kiton now recognizes that the choice-of-law issue may be consequential; they do not demonstrate that the existence of controlling law available now that was not available earlier with respect to how existing choice-of-law principles should be applied.  Kiton could have cited that law underlying those principles earlier but chose not to do so.

Kiton also has not demonstrated any clear error or manifest injustice.  The Court assumed that New York law applied to the dispute because the parties argued that New York law applied.  Dkt No. 28 at 6 n.3.  In fact, in its memorandum in opposition to the motion to dismiss, Kiton argued that New York law entitled it to relief.  Dkt. No. 24 at 4–5.  Pacific also relied on New York law.  Dkt. No. 19-1 at 11.  *See Krumme v. WestPoint Stevens, Inc.,* 238 F.3d 133, 138 (2d Cir.2000) ("The parties' briefs assume that New York law controls, and such 'implied consent . . . is sufficient to establish choice of law.'" (quoting *Tehran-Berkeley Civil & Env't Eng'rs v. Tippetts-Abbett-McCarthy-Stratton*, 888 F.2d 239, 242 (2d Cir. 1989)).  Kiton never once suggested that any law other than that of New York would apply to this case.  It had every opportunity to make that argument in opposition to the motion to dismiss; it eschewed that opportunity.  Presumably it assumed that New York would be more favorable to it than the law

4

of each State in which it does business. Having made that choice, it is not unfair for the Court to hold Kiton to it.

Kiton argues against this result, contending that it "filed precisely one brief in this case," that choice of law "was not raised, let alone briefed by either party," and that the cases cited by Pacific where parties were deemed to have consented to choice of law arose only "after full-blown trials." Dkt. No. 39 at 1. That response is unavailing. A court may presume that the parties consent to the application of the forum state's choice of law when no party raises choice of law. *See Bazak Intern. Corp. v. Tarrant Apparel Grp.*, 347 F. Supp. 2d 1, 3 n.1 (S.D.N.Y. 2004) ("The Court assumes the applicability of New York law, as the parties have not raised any choice of law issues."); *Shapiro v. Barnea*, 2006 WL 3780647, at *2 (D.N.J. Dec. 21, 2006) ("The parties have not raised any choice-of-law issues in their briefing on this motion; therefore, the Court will assume, as the parties do, that New Jersey law applies."); *cf. In re Kingate Mgmt. Limited Litig.*, 746 F. App'x 40, 43 (2d Cir. 2018 (summary order) (affirming finding of waiver where, in connection with briefing on a motion to dismiss, plaintiffs had "every incentive" to argue that certain law did not apply to claims that were governed by foreign law). Here, Kiton did not just not raise choice of law; it affirmatively invoked New York law and asked the Court to apply it to this controversy. There is no law to the effect that a party can ask for a re-do so long as the request is made before a full-blown trial. *See Lasher v. Stavis*, 2018 WL 6521586, at *2 (S.D.N.Y. Dec. 12, 2018) (explaining, in the context of a Rule 59(e) motion brought after a ruling on a motion to dismiss, that "[s]ince a motion to alter or amend a judgment cannot be used to raise arguments that could have been raised at an earlier stage of a litigation, and [plaintiff's] choice-of-law argument could have been raised in the earlier proceeding, she has failed to demonstrate a right to relief under Rule 59(e)"); *Schwartz v. Twin City Fire Ins. Co.*, 492 F.

Supp. 2d 308, 325 (S.D.N.Y. 2007) ("[W]here a party raises a choice of law issue on a Rule 59(e) motion that it has not raised prior to entry of judgment, it is unnecessary for a court to address that motion.").

The remaining argument also essentially seeks a re-do.  The Court thoroughly analyzed all of Kiton's allegations in its decision granting the motion to dismiss.  Kiton has failed to identify any new evidence or any allegation that the Court overlooked.  Kiton argues that the Second Circuit cases upon which the Court relied all are distinguishable because it "demonstrate[d] the physical presence of Coronavirus in its stores, directly resulting in store closures" as supported by the fact that it had multiple employees who contracted COVID-19 while working in the stores.  Dkt. No. 32 at 6-7; *see also* Dkt. No. 39 at 8 ("Kiton did demonstrate the physical presence of Coronavirus in is stores in form of employees infected with COVID-19, resulting in store closures.").  The allegation is not drawn from the pleadings but from a declaration submitted by Kiton's Chief Operation Officer who declares that eleven employees of Kiton (including seven at its corporate headquarters) tested positive for COVID-19 and that all "were on Kiton premises while infected."  Dkt. No. 25.  The Court analyzed the contention in its order granting Pacific's dismissal motion.  The Court noted that in *Kim-Chee LLC v. Philadelphia Indemnity Insurance Co.*, 2022 WL 258569 (2d Cir. Jan. 28, 2022) (summary order), the Second Circuit had held that allegations that COVID-19 "'was present at, in, throughout, and on Plaintiffs' Premises'" was not sufficient to demonstrate "direct physical loss or damage to property" under a business-interruption policy.  *Pacific Indemnity Co.*, 2022 WL 2292769, at * 4 (quoting *Kim Chee*, 2022 WL 258569, at *2).   This Court concluded:

> Plaintiff alleges that the coronavirus was present on its property and the surfaces of its property, but as in *Kim-Chee* "the complaint [here] does not allege that any part of its building or anything within it was damaged—let alone to the point or repair,

>> replacement, or total loss" or "explain how, other than by the denial of access, any of its property could no longer serve its insured function."

*Id.* at *5 (quoting *Kim-Chee*, 2022 WL 258569, at *2).

Kiton does not allege any intervening change in controlling law or new evidence that the Court overlooked. Although it states that none of the Second Circuit decisions referenced by the Court mentioned "allegations of virus on premises in the form of confirmed COVID-19 cases," Dkt No. 32 at 7, or "made specification allegations of infected employees on premises," Dkt No. 39, at 9, it does not articulate how those alleged facts are in any way material. The thrust of *Kim-Chee* was that the insured would have to present evidence that a part of the insured property or something within it was damaged to the point of repair, replacement, or total loss, and not simply that customers would be denied access to it. *Kim-Chee*, 2022 WL 258569, at *2. The Appellate Division, First Department, has reaffirmed that conclusion from *Kim-Chee*, stating:

> [I]n order for there to be "direct" "physical" damage or loss to property, there be "some physical problem with the covered property," not just the mere loss of use . . . . The property must be changed, damaged or affected in some tangible way, making it different from what it was before the claimed event occurred. If the proffered facts do not identify any physical (tangible) difference in the property, then the complaint fails to state a cause of action. Were we to accept that an economic loss, for purposes of the all-risk policy plaintiff purchased from defendant, without any attendant physical, tangible damage to the property is sufficient, it would render the term "physical" in the policy meaningless. . . . Phrased differently, under the terms of plaintiff's policy, the impaired function or use of its property for its intended purpose, is not enough. "Rather, to survive dismissal, [the] complaint must plausibly allege that the virus itself inflicted actual physical loss of or damage to [the] property."

*Consol. Rest. Operations, Inc. v. Westport Ins. Corp.*, 167 N.Y.S.3d 15, 21 (1st Dep't 2022) (quoting *Kim-Chee LLC*, 2022 WL 258569, at *1).

Under this authority, it is irrelevant whether the physical premises of the property is as a result of employees bringing it into the property or from non-employees or some other source. If

7

there is no demonstrated physical damage to the property, there is no business-interruption coverage.

## CONCLUSION

The motion to alter or amend is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 30.

SO ORDERED.

Dated: September 14, 2022
      New York, New York

                                         LEWIS J. LIMAN
                                    United States District Judge